Raymond J. CHALOULT, Sr., Plaintiff

v.

**INTERSTATE BRANDS CORPORATION,** Defendant

No. CIV.02–249–P–C.

United States District Court, D. Maine.

Jan. 6, 2004.

Guy D. Loranger, Nichols & Webb, P.A., Saco, ME, for Raymond J Chaloult, Sr., Plaintiff.

Robert W. Kline, Portland, ME, for Interstate Brands Corporation, Does 1–10, Defendants.

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES

GENE CARTER, Senior District Judge.

Plaintiff Raymond Chaloult, Sr., having obtained a jury verdict for $1 in nominal damages in a trial against Defendant Interstate Brands Corporation, now seeks his attorney's fee under the Maine Human Rights Act, 5 M.R.S.A. § 4614, in the amount of $67,471.25.[1] For the reasons discussed below, the Court will grant Plaintiff's motion, but will reduce the amount requested in light of Plaintiff's failure to recover on his claim for compensatory damages.[2]

Plaintiff alleged a same-sex hostile work environment in violation of the Maine Human Rights Act and sought compensatory and punitive damages. Plaintiff's punitive damages claim was dismissed at the summary judgment stage, and the jury considered the questions of liability for sexual harassment and damages resulting from any such sexual harassment. The jury concluded that Defendant was liable for sexual harassment but that Plaintiff should recover no compensatory damages. The jury awarded Plaintiff nominal damages of $1.

The Maine Human Rights Act provides that "[i]n any civil action under this Act, the court, in its discretion, may allow the prevailing party, other than the commission, reasonable attorneys' fees and costs." 5 M.R.S.A. § 4614. Defendant does not dispute Plaintiff's status as the prevailing party in this case, but it urges the Court to deny Plaintiff's motion for attorney fees because Plaintiff did not receive a compensatory damages award. In the alternative, Defendant argues that the fee awarded to Plaintiff should be severely reduced, both because of the nominal damages award and because the fee award sought by Plaintiff is unreasonable.

The Court recognizes that there are circumstances in which courts have concluded that a recovery of nominal dam-

---

1. Plaintiff originally sought attorney fees for 465.55 hours of legal services at an hourly rate of $175 per hour. Plaintiff subsequently agreed that the billing records submitted to this Court included 80 hours of erroneously billed time and, therefore, has reduced his billed time to 385.55 hours. Accordingly, the Court understands Plaintiff to be seeking $67,471.25 in fees (385.55 multiplied by $175).

2. Plaintiff's motion encompasses his requests for both fees and costs, but the Court will rule separately on the issue of costs.

ages should result in a complete denial of fees. *See Farrar v. Hobby*, 506 U.S. 103, 115, 113 S.Ct. 566, 575, 121 L.Ed.2d 494 (1992). Here, however, the Court declines to deny Plaintiff's request for fees in its entirety. Plaintiff was successful in persuading the jury that Defendant had unlawfully discriminated against him by maintaining a hostile work environment, and the Court views such a verdict as representing a measure of success and serving a public good through the potential of its future deterrent impact. Accordingly, the Court will not deny Plaintiff's motion for attorney fees on the basis of the nominal damages award but, rather, will engage in the traditional lodestar method for making a fee award determination.

▇▇ This Court has stated that [i]n making the lodestar calculation, a court considers the prevailing rates in the community for attorneys with similar experience and qualifications to those for whom fees have been requested, as well as whether fees have been requested for duplicative, unproductive, or excessive hours. In determining the reasonableness of Plaintiffs' submitted time, a court may reduce a fee award to exclude hours inadequately explained or detailed.

*Okot v. Conicelli*, 180 F.Supp.2d 238, 242 (D.Me.2002) (internal citations and punctuation omitted). Plaintiff bears the burden of establishing the reasonableness of the rates and hours submitted in his motion for fees. *See id.* The figure derived from the lodestar calculation may be adjusted up or down to reflect Plaintiff's degree of success in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983).

▇▇ On the record before it, the Court is satisfied that the billing rate submitted by Plaintiff is the prevailing rate in the community for attorneys with similar experience and qualifications, and the Court further concludes that the submitted time is reasonable and adequately explained and detailed. However, the Court believes that it is appropriate to adjust the fee award to account for Plaintiff's failure to receive an award of compensatory damages. In an exercise of its discretion, the Court will reduce the fee award sought by Plaintiff by 60%, resulting in a fee award in the amount of $26,988.50.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Attorney Fees be, and it is hereby, **GRANTED** in the amount of twenty-six thousand nine hundred eighty-eight dollars and fifty cents ($26,988.50). It is further **ORDERED** that Plaintiff be awarded post-judgment interest on the attorney fee award pursuant to 28 U.S.C. § 1961.[3]

---

**3.** The Court denies Plaintiff's request for pre- judgment interest on his fee award.